UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED SPECIALTY INSURANCE COMPANY,**

        Petitioner,

v.     Case No:   6:19-cv-1705-Orl-41GJK

**W2S, LLC d/b/a TROPICAL CAR WASH,**

        Respondent.

REPORT AND RECOMMENDATION[1]

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **JOINT MOTION TO APPOINT UMPIRE (Doc. No. 18)**
>
> **FILED:**   **December 26, 2019**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.     BACKGROUND.**

On August 30, 2019, Petitioner filed a Petition to Appoint an Umpire for Appraisal Process (the "Petition") related to a property claim made by Respondent under its insurance policy issued by Petitioner.  Doc. No. 1.  The Petition sought the appointment of an umpire because the parties' appraisers had been unable to agree upon an umpire as provided in the insurance policy.  *Id.* at 4. Pursuant to the terms of the insurance policy, when the appraisers cannot agree on an umpire, a party may apply to have a court having jurisdiction make the selection.  *Id.*

___

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

On September 19, 2019, Respondent filed its response and a counter-petition for appointment of an umpire ("Counter-Petition").  Doc. No. 10.  On October 10, 2019, Petitioner filed a response to the Counter-Petition.  Doc. No. 13.  Neither party agreed with the other's proposed umpires.  Doc. Nos. 10 and 13.  On November 12, 2019, the Court issued an order denying the request to appoint an umpire for failure to comply with Local Rule 3.01(a) and directed the parties to file a properly supported motion for relief.  Doc. No. 15.

On December 26, 2019, the parties filed a Joint Motion to Appoint Umpire ("Joint Motion").  Doc. No. 18.  In their Joint Motion, the parties state they have agreed to an umpire: Eric C. Jackson, P.E., and ask that he be appointed.  *Id.* at 3.  The parties also request that the court retain jurisdiction to resolve any disputes related to causation and coverage that may arise during the appraisal process.  *Id.* at 4.  The insurance policy provides that the parties have the right to have a court of competent jurisdiction determine which elements of the appraisal are covered and the right to have the court determine the cause of the damage appraised.  *Id.*  These rights accrue "based on the facts determined by the appraisal, the policy and applicable law" and "if there is any post-appraisal disagreement concerning causation," respectively.  *Id.*

**II.     ANALYSIS.**

The Petition indicates, and the Response admits, the parties are diverse as Petitioner is a citizen of Delaware and Texas and Respondent is a Florida limited liability company with its principal place of business in Brevard County, Florida.  Doc. No. 1 at 1-2; Doc. No. 10.  Respondent has three members, two of whom are citizens of Virginia and one of whom is a citizen of Florida.  Doc. No. 1 at 2; Doc. No. 10.  The parties agree that the amount in controversy exceeds $75,000 and the policy of insurance at issue is in excess of that amount.  Doc. No. 1 at 1; Doc. No. 1-1 at 12, 49; Doc. No. 10 at 1.   The policy at issue states that "If the appraisers cannot

agree on the umpire, either you or we may request, after reasonable written notice to the other, that the selection be made by a court having jurisdiction." Doc. No. 1 at 3. Petitioner alleges, and Respondent admits, that the appraisers have been unable to agree on an umpire. Doc. Nos. 1 and 10. After filing a petitioner and counter-petition, the parties have agreed on a neutral umpire to be appointed. Doc. No. 18.

Petitioner's request that the court appoint a neutral umpire pursuant to its policy constitutes a civil action. *See Empire Indem. Ins. Co. v. Bridgepointe at Broken Sound*, No. 18-cv-80637, 2018 U.S. Dist. LEXIS 108347, at *3 (S.D. Fla. Jun. 27, 2018). The invocation of the appraisal provision in the policy reflects a disagreement regarding the amount of loss, and for the appraisal to proceed, a qualified, impartial umpire must be selected. Doc. No. 1 at 3. Thus, there is a justiciable issue for the court to resolve. *See Cont'l Cas. Co. v. Kidney Real Estate Assoc. of Arvada*, No. 18-cv-551, 2018 U.S. Dist. LEXIS 202840, at *7 (D. Co. Nov. 30, 2018) (citing *Cypress Chase Condo. Ass'n A v. QBE, Ins. Corp.*, No. 10-61987-civ, 2011 U.S. Dist. LEXIS 41104, at *13-14 (S.D. Fla. Apr. 15, 2011)).

Accordingly, it is **RECOMMENDED** that the Joint Motion (Doc. No. 18) be **GRANTED as follows:**

1. Eric C. Jackson, P.E., Brooks Jackson & Little, Inc., 4745 Sutton Park Court, Suite 104, Jacksonville, Florida 32224 be appointed as the umpire for the parties' appraisal;

2. The Court shall retain jurisdiction to resolve any disputes related to the appraisal process; and

3. The Clerk be directed to administratively close this case.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

      **RECOMMENDED** in Orlando, Florida on March 2, 2020.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record